IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MARVIN BROWN, ) | |
| ) | C/A No. 4:06-2074-TLW-TER |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| JON OZMINT, DIRECTOR, SOUTH ) | |
| CAROLINA DEPARTMENT OF ) | |
| CORRECTIONS; AND WARDEN, ) | |
| RIDGELAND CORRECTIONAL ) | |
| INSTITUTION, ) | |
| Respondents. ) | |
| _____) | |

Petitioner, Marvin Brown ("Petitioner/Brown"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 20, 2006. Respondents filed a motion for summary judgment on October 23, 2006, along with a return and supporting memorandum. The undersigned issued an order filed October 24, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on November 21, 2006.

**I.  PROCEDURAL HISTORY**

The procedural history as set forth by the respondents in their memorandum has not been

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

seriously disputed by the petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the respondents.

Petitioner is presently confined to Ridgeland Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Jasper County. Petitioner was indicted at the October 1994, term of the grand jury for Jasper County for kidnapping (94-GS-27-544); assault and battery with intent to kill (ABIK) (94-GS-27-545); and criminal sexual conduct (CSC), first degree (94-GS-27-546). He was also indicted at the December 1994, term for escape (94-GS-27-699).

Petitioner was represented at the trial level by Gordon H. Kearse, Esquire. Petitioner proceeded to trial before the Honorable Luke N. Brown, Jr. and a jury on December 15-16, 1994, and was found guilty of kidnapping and ABIK. Petitioner was acquitted on the CSC charge. Judge Brown sentenced petitioner to confinement for a period of thirty (30) years for kidnapping and twenty (20) years for ABIK. Also on December 16, 1994, petitioner pled guilty to escape and was sentenced to one (1) year concurrent imprisonment. A timely notice of appeal was filed.

Petitioner, through Assistant Appellate Defender Robert M. Dudek, filed a Final Anders Brief of Appellant and Petition to be Relieved as Counsel, dated February 21, 1996, presenting the following issue for review:

> 1. Whether the judge abused his discretion in allowing photographs of the assault victim where appellant admitted the assault; the photographs were posed, were the subject of cosmetic changes, and consequently did not accurately depict the victim's condition following the assault?

On August 5, 1996, the S.C. Court of Appeals issued an unpublished *per curiam* opinion dismissing the appeal. ***State v. Marvin M. Brown***, Unpub. Op. No. 96-UP-242. The Remittitur was

sent down on August 21, 1996.

Petitioner next filed a *pro se* Application for Post-Conviction Relief ("APCR") on August 25, 1997 (97-CP-27-243), and an accompanying "Brief in Support of Application for Post Conviction Relief." (App. pp. 205-231). The State filed a Return and Motion to Dismiss on July 16, 1998. (App. pp. 235-241). In his APCR, Petitioner raised the following allegations:

1. Applicant was denied effective assistance of counsel by counsel's failure to object to trial judge's improper comment on the credibility of the witness, and the guilt of the Applicant.

2. Counsel's failure to object to the improper use of the transcribed testimony of the Applicant, constitutes ineffective assistance of counsel, depriving the Applicant of his core rights to a fair appellate review and the rights to effective assistance of counsel in violation of the Sixth Amendment and Article I, §14 of the State constitution.

3. Counsel's failure to investigate the case and ascertain who transcribed tape in which Lieutenant Sam Woodward testified that it was a conversation he had with the Applicant constitutes ineffective assistance of counsel, depriving the Applicant of his core rights of a fair trial, and the rights to effective assistance of counsel in violation of the Sixth Amendment and Article I, §14 of the State constitution.

A hearing on the State's motion to dismiss was held before the Honorable Alexander S. Macaulay on February 8, 2000. (App. pp. 242-281). Petitioner was present and represented by counsel, E.W. Bennett, Esq. The State was represented by J. Benjamin Aplin, Assistant Attorney General. Petitioner testified in his own behalf. Judge Macaulay ruled from the bench that the APCR must be dismissed as violative of the one year statute of limitations. On July 5, 2000, Judge Macaulay issued a written Order of Dismissal based upon petitioner's failure to comply with the filing procedures of S.C. Code Ann. § 17-27-45(A). (App. pp. 285-289). In response to a letter from

3

petitioner construed as a Motion for Reconsideration pursuant to Rule 59, SCRCP, Judge Macaulay issued an Order, dated October 4, 2000, denying Petitioner's motion. (App. p. 291).

A timely notice of appeal was filed with the state supreme court from the Order of Dismissal in the PCR action. On July 16, 2001,Wanda H. Haile, of the South Carolina Office of Appellate Defense filed a Petition for Writ of Certiorari in which she raised the following issue on behalf of Petitioner:

> 1. Did the lower court err in dismissing petitioner's post-conviction relief application as untimely filed under Peloquin v. State, 321 S.C. 468, 469 S.E.2d 606 (1996), when official records indicated that the application was filed four days late, but petitioner established that the application was filed in a timely manner initially, although re-filed later due to state error?

The State filed a Return to Petition for Writ of Certiorari on November 26, 2001. The South Carolina Supreme Court issued an Order dated December 5, 2002, in which it denied the certiorari petition. The Remittitur was sent down on December 27, 2002.

Petitioner next filed a *pro se* state "Petition for Writ of Habeas Corpus" on January 10, 2003 (03-CP-27-11), and an accompanying "Memorandum of Law in Support of Petition for Writ of Habeas Corpus." (ROA. pp. 1-13). The State filed a Return to Petition for Writ of Habeas Corpus on January 15, 2003. Petitioner raised the following objection:

> 1. The Post-Conviction Relief (PCR) Court erred in dismissing Petitioner's Application for Post-Conviction for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act (UPCA).

A hearing was held before the Honorable John C. Few on July 27, 2004. (ROA. pp. 31-41). Petitioner was present and represented by counsel, Gerald Kelly, Esq. The State was represented by

Adrianne L. Turner, Assistant Attorney General. On November 8, 2004, Judge Few issued a written Order of Dismissal finding that petitioner was barred from bringing a writ of habeas corpus in the circuit court. (App. pp. 43-45).

A timely notice of appeal was filed with the S.C. Court of Appeals from the Order of Dismissal in the state habeas action. On July 10, 2006, Joseph L. Savitz, III, of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a Final <u>Anders</u> Brief of Appellant in which he raised the following issue on behalf of petitioner:

> 1. The judge erred in dismissing Brown's habeas petition instead of granting a continuance so that he could obtain substitute counsel.

On July 13, 2006, the court of appeals informed Petitioner he had until August 27, 2006, to file a *pro se* brief addressing any issues he wished the court to consider. It appears that petitioner did not file a brief and the court of appeals has yet to rule upon the <u>Anders</u> brief.

## II. HABEAS ALLEGATIONS

Petitioner raises the following allegation in his *pro se* Petition for Writ of Habeas Corpus:

> **GROUND ONE**: "The Petitioner was denied the effective assistance of counsel in violation of his Sixth Amendment right to counsel and his right to Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution."
>
> "The petitioner incorporates the arguments raised in his state application for post-conviction relief, the petition for writ of certiorari, and his state petition for habeas corpus, into the instant petition. For the record, the Petitioner waives and/or withdraws ground one of his state post-conviction application. . ."

## III.  SUMMARY JUDGMENT

On October 23, 2006, respondents filed a return and memorandum of law in support of their motion for summary judgment. Petitioner filed a response.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material

fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Brown filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law.  See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review.").  Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." <u>Id</u>. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.  DISCUSSION AS TO STATUTE OF LIMITATIONS

The respondents assert that the petitioner's claims must be dismissed as untimely. Specifically, respondents contend the petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. Respondents argue as follows, quoted verbatim, in part:

> Petitioner's conviction was finalized by the conclusion of direct review on August 21, 1996, the day the South Carolina Court of Appeals issued the remittitur following its opinion affirming petitioner's convictions. Normally, the ninety (90) day period for seeking certiorari for the United States Supreme Court on direct appeal is included in the time for finalization of conviction. . . . However, petitioner's failure to seek discretionary review from the South Carolina Supreme Court during the direct appeal would preclude the possibility of seeking certiorari review by the United States Supreme Court, as there is not a ruling from the state's highest court on the issue.
>
> . . . Since review by the United States Supreme Court would be impossible, it would be pointless to include the ninety (90) time period. As such, direct review concluded and the conviction was finalized no later than the day discretionary direct review by the state supreme court was foreclosed and the court of appeals transferred

>jurisdiction with the remittitur-August 21, 1996. . . .
>
>Some three hundred and sixty-nine (369) days of non-tolled time passed from the issuance of the remittitur in the court of appeals on August 21, 1996, and the time petitioner filed his APCR on August 25, 1997. Because there were at least three hundred and sixty-nine (369) days of non-tolled time since Petitioner's period of limitations began to run, the present Petition for Writ of Habeas Corpus is time-barred and should be denied and dismissed.. . . In addition, Petitioner is not entitled to tolling for the filing of his APCR since it was summarily dismissed as time barred under the statute of limitations for PCR applications. . .
>
>Likewise, Petitioner's state habeas corpus petition, does not toll any of the federal limitations time. While Petitioner does currently have a state habeas petition pending in the court of appeals, that petition rests solely upon allegations cognizable under the state post-conviction relief act. Any matter which is cognizable under the Uniform Post-conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to -120, may not be raised by a petition for writ of habeas corpus before the circuit or other lower courts of South Carolina. Simpson v. State, 329 S.C. 43, 495 s.E.2d 429 (1998). Thus, Petitioner's state habeas petition is also not "properly filed." . . .
>
>By using the vehicle of state habeas corpus, Petitioner attempts to present claims cognizable in post-conviction relief that would no longer be timely in a proper presentation. In no way can these habeas petitions be considered "properly filed."

(Memorandum).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

9

now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, petitioner filed a direct appeal which was dismissed on August 5, 1996, by the South Carolina Court of Appeals and the remittitur was sent down on August 21, 1996. Petitioner filed a PCR application on August 25, 1997, which was dismissed by written order on July 5, 2000, as untimely as it was not filed within the one year period pursuant to S.C. Code Ann. 17-27-45(A). (App. 285-289). Therefore, this was not a "properly filed" state application for PCR. In any event, petitioner did not file his habeas petition or a properly filed PCR

application to toll the statute of limitations before the expiration of one year from the date petitioner's direct appeal was dismissed. Petitioner filed his federal petition on July 20, 2006. Therefore, the time is well outside the limitations period.

In his response in opposition to the motion for summary judgment, petitioner argues that the mail-box rule in Houston v. Lack, 487 U.S. 266 (1988), should have applied to the first state PCR he filed which would have made it timely. The South Carolina Supreme Court denied the certiorari petition in which petitioner raised the timeliness of his PCR argument. This argument is not sufficient to defeat summary judgment in this case. Therefore, it is recommended that this habeas petition be dismissed as it is barred by the statute of limitations.

Additionally, there is no evidence that warrants equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.  To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation.  We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Petitioner has not presented (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Rouse, supra. Therefore, it is recommended that the petition be dismissed as it is barred by the statute of limitations.

Based on the above reasons, the undersigned finds that the respondents' motion for summary judgment (document #7) should be granted as the petitioner's habeas corpus petition is barred by the statute of limitations.

## VI.  CONCLUSION

As set out above, a review of the record indicates the petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that respondents' motion for summary judgment (document #7) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

>Respectfully Submitted,
>
>s/Thomas E. Rogers, III
>Thomas E. Rogers, III
>United States Magistrate Judge

April 30, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**