IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Marvin Brown, | ) | C.A. No. 4:06-2074-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Jonathan Ozmint, Director, South Carolina Department of Corrections; and Warden, Ridgeland Correctional Institution, | ) ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

The *pro se* petitioner, an inmate at the South Carolina Department of Corrections, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. (Doc. # 1). The respondents filed a return and motion for summary judgment on October 23, 2006. (Docs. # 7 and # 8). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed October 24, 2006, that he had thirty-four (34) days to file any material in opposition to the motion for summary judgement. (Doc. # 10). Petitioner filed his response to the respondents' motion for summary judgment on November 21, 2006. (Doc. # 11).

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In his Report, Magistrate Judge Rogers recommends that the respondents' motion for summary judgment be granted, and that this petition be dismissed without an evidentiary hearing. (Doc. # 12). Petitioner has filed objections to the Report. (Doc. # 13).

1

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. After thoroughly reviewing the Report and Recommendation in its entirety, petitioner's objections, as well as the applicable statutory and case law, the court finds no error in the Report and Recommendation, and accepts the Report. The Magistrate Judge properly found that the petition was untimely under Antiterrosism and Effective Death Penalty Act of 1996's ("AEDPA") statute of limitations. The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A); however, a "properly filed application for State post-conviction relief" will toll the time for filing, 28 U.S.C. § 2244(d)(2). In this case, the statute of limitations began to run, at the latest, 90 days after the remittur from the South Carolina Court of Appeals was sent down on August 21, 1996. However, as petitioner's state PCR application was not "properly filed," because it was dismissed as untimely for not being filed

within the one year period pursuant to S.C. Ann. 17-27-45(A), the federal statute of limitations on his habeas petition was never tolled. Time barred applications for state collateral review are not "properly filed" applications that trigger statutory tolling. Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005)(holding that, when a petition for post conviction relief is untimely under state law, it is not "properly filed" within the meaning of 28 U.S.C. § 2244 (d)(2) and therefore not subject to equitable tolling); see also, Artuz v. Bennett, 531 U.S. 4 (2000)(stating that an application for state post-conviction relief is "properly filed" not merely when it is delivered or accepted by the relevant court, but rather, when it's delivery and acceptance are in compliance with the applicable laws and rules governing filings; a PCR application that does not conform to the state court's rules, but is nonetheless accepted by the clerk is not a properly filed application, but merely a pending application and a pending application does not toll the limitation); Parker v. Burtt, 2006 WL 2569522, *3 (D.S.C. 2006)(finding a time barred application for state PCR did not toll the statute of limitations, as it was not properly filed); Agurs v. Bazzle, 2006 WL 240589, *2 (D.S.C. 2006) (finding that where petitioner filed his application for PCR outside the time limitations under South Carolina Code § 17-27-45(a), the statute of limitations for a § 2254 petition was not tolled). As, petitioner did not file the present petition until July, 20, 2006, almost ten years after his state conviction became final and the federal statute of limitations began to run, this Court agrees with the Magistrate Judge's finding that the petition is "well outside" the limitations period.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 12), petitioner's objections are **OVERRULED** (Doc. # 13); and respondents' motion for summary judgment is **GRANTED** (Doc. # 7) and this petition is **DISMISSED**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

August 23, 2007
Florence, South Carolina